CARSON-TAHOE HOSPITAL, A NEVADA NONPROFIT CORPO-
RATION, APPELLANT, *v.* BUILDING & CONSTRUCTION
TRADES COUNCIL OF NORTHERN NEVADA; CECIL
HOFFMAN; SOUTHWEST REGIONAL COUNCIL OF
CARPENTERS; AND CARPENTERS UNION, LOCAL 971,
RESPONDENTS.

No. 43638

March 2, 2006

128 P.3d 1065

[Rehearing denied May 3, 2006]

*Allison, MacKenzie, Russell, Pavlakis, Wright & Fagan, Ltd.,*
and *Mike E. Pavlakis*, Carson City, for Appellant.

*Michael E. Langton*, Reno, for Respondents Building & Con-
struction Trades Council of Northern Nevada and Cecil Hoffman.

*Daniel M. Shanley*, Las Vegas; *Desmond C. Lee*, Los Angeles,
California, for Respondents Southwest Regional Council of Car-
penters and Carpenters Union.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether NRS 244A.763(5) requires workers be paid prevailing wages for a private project funded through public economic development revenue bonds. We determine that the plain language of NRS 244A.763(5) mandates that the public works statutes of NRS Chapter 338 be considered to determine what type of projects require payment of prevailing wages. As a result, we conclude that a project under NRS 244A.763(5) is subject to prevailing wage requirements only if the project is a "public work" and involves a "public body," as those terms are defined in NRS 338.010. In this case, the project at issue does not fit the definition of a public work and does not involve a public body. Therefore, we hold that the district court erred in concluding that prevailing wages were required.

### FACTS

Appellant Carson-Tahoe Hospital (CTH), a private nonprofit membership corporation, is constructing a replacement hospital on hospital-owned land. CTH financed the construction through $95 million in economic development bonds authorized by the Carson City Board of Supervisors and issued pursuant to the County Economic Development Revenue Bond Law.[1] After the issuance, CTH and a licensed general contractor entered into a construction contract funded by the bond proceeds.

In October 2003, respondent Building & Construction Trades Council of Northern Nevada (Council) was informed that CTH did not intend to require that construction workers on the project be paid prevailing wages. After Council and CTH representatives disagreed about whether NRS 244A.763(5) mandates that prevailing wages be paid, the Council filed a petition with the district court seeking a declaratory order that prevailing wages were required. The district court granted the petition for declaratory relief, concluding that prevailing wages must be paid on all projects financed with economic development bonds under NRS 244A.763(5).

CTH appeals the district court order granting the petition for declaratory relief. For the reasons discussed below, we reverse the district court and hold that prevailing wages are not required.

---

[1]NRS 244A.669 through NRS 244A.763.

## DISCUSSION

This court conducts de novo review of statutory construction.[2] When "the words of the statute have a definite and ordinary meaning, this court will not look beyond the plain language of the statute, unless it is clear that this meaning was not intended."[3] No part of a statute should be rendered meaningless, and this court will not read statutory language in a manner that produces absurd or unreasonable results.[4]

NRS 244A.763(5) states, in relevant part:

> A project is not subject to any requirements relating to public buildings, structures, ground works or improvements imposed by the statutes of this state . . . except that the provisions of NRS 338.010 to 338.090, inclusive, apply to any contract for new construction, repair or reconstruction for which tentative approval for financing is granted on or after January 1, 1992, by the county for work to be done in a project.[5]

CTH contends that, under NRS 244A.763(5), a contract for new construction financed in part through city revenue bonds must be analyzed under NRS 338.010 through NRS 338.090 to determine whether payment of prevailing wages is required. This analysis means prevailing wages will not be required for all projects under NRS 244A.763(5), instead only those projects mandated to pay prevailing wages under NRS Chapter 338. We agree.

Nothing in NRS 244A.763(5) indicates that a project financed under the statute is automatically obligated to pay prevailing wages. Instead, according to the plain language of the statute, all provisions of NRS 338.010 through NRS 338.090 apply when a county approves financing for a project. NRS 338.020 defines the types of projects for which prevailing wages are required.

Pursuant to NRS 338.020(1), prevailing wages must be paid in "[e]very contract to which a public body of this state is a party." A "public body" is defined as "the State, county, city, town, school district or any public agency of this State or its political subdivisions sponsoring or financing a public work."[6] A "public

---

[2]*See, e.g., Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 641, 81 P.3d 532, 534 (2003).

[3]*State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001).

[4]*Harris Assocs.*, 119 Nev. at 642, 81 P.3d at 534.

[5]NRS 244A.679 defines "financing" to include a county's issuance of bonds for the purpose of paying the costs of "acquiring, improving and equipping a project."

[6]NRS 338.010(14).

work'' is defined as ''any project for the new construction, repair or reconstruction of . . . [a] project financed in whole or in part from public money for'' public buildings, jails and prisons, public roads, public highways, public streets and alleys, public utilities, publicly owned water mains and sewers, public parks and playgrounds, certain public convention facilities and other publicly owned works and property.[7]

In this case, no public body is a party to the construction contract. Instead, CTH is a private nonprofit corporation that entered into a construction contract with a general contractor to build a hospital on privately owned land. The project cannot be classified as a public work, as the contract is not of the type contemplated by NRS 338.010(15). Additionally, no public money was used to finance this project, as the issuance of the revenue bonds did not involve taxpayer money or obligate county funds.[8] The County Economic Development Revenue Bond Law explicitly states that revenue bonds ''shall never constitute the debt or indebtedness of the county . . . and shall not constitute nor give rise to a pecuniary liability of the county or a charge against its general credit or taxing powers.''[9] Thus, we conclude that the statute does not require that prevailing wages be paid in this instance.

We cannot apply NRS 338.020 without the limitations of NRS 338.010 when the plain language of NRS 244A.763(5) demands that all provisions of NRS 338.010 through NRS 338.090 be applied. Applying some of these provisions while ignoring others would result in the type of lawmaking that must be left to the Legislature.[10] We do not lightly encroach upon the powers of this coordinate branch of our government.[11]

The Council argues that denying prevailing wages on this project would preclude any private project from ever being considered a ''public work'' subject to prevailing wage requirements. We dis-

---

[7]NRS 338.010(15)(a).

[8]*See* NRS 244A.725 (''In making such agreements or provisions, a county shall not obligate itself, except with respect to the project and the application of the revenues therefrom and bond proceeds therefor.'').

[9]NRS 244A.713(2); *see State ex rel. Brennan v. Bowman*, 89 Nev. 330, 333, 512 P.2d 1321, 1322 (1973) (stating that ''the [County Economic Development] Revenue Bond Law specifically forbids a charge against the [c]ounty's credit or taxing powers, precludes [c]ounty liability for the bonds and interest coupons, and bars [c]ounty contribution towards the acquisition cost of the project'').

[10]*See Goodman v. Goodman*, 68 Nev. 484, 488, 236 P.2d 305, 307 (1951) (''[W]here the legislature has spoken with imperfect clarity or has failed to speak at all, it is still the function of the court not to 'will' the law, but to discern it . . . .'').

[11]*See School Trustees v. Bray*, 60 Nev. 345, 353, 109 P.2d 274, 278 (1941) (''We are not to substitute our judgment for that of a coordinate branch of the government working within its constitutional limits.'').

agree. Contrary to the Council's claim, any joint venture between a public entity and private developer for the construction of a public building, so long as the project is funded ''in whole or in part from public money,'' would be considered a public work.[12] For example, a private project constructed to a public agency's specifications as part of an arrangement for the project's eventual purchase by the public agency would be a public work.[13]

We note that NRS 244A.763(5) could have easily been written to require prevailing wages on all projects funded by economic development bonds if the Legislature so intended. The Legislature could have explicitly stated that a project under NRS 244A.763(5) is subject to payment of prevailing wages.[14] The Legislature also could have directed that all projects under NRS 244A.763(5) be considered a public work or be treated as a public work under NRS 338.010 through NRS 338.090. The Legislature did not do so, instead it explicitly required that NRS 338.010 through NRS 338.090 be applied to all projects funded by economic development bonds.

## CONCLUSION

We conclude that the plain language of NRS 244A.763(5), incorporating NRS 338.010 through NRS 338.090, does not require prevailing wages be paid on all projects funded by economic development bonds. Instead, prevailing wages are only required when such wages are mandated by NRS 338.020(1). That provision does not mandate prevailing wages in this case because the contract at issue does not involve a public body or a public work. Therefore, the district court erred in concluding the CTH project is subject to prevailing wages requirements. Accordingly, we reverse the district court order.

ROSE, C. J., GIBBONS and HARDESTY, JJ., concur.

DOUGLAS, J., with whom BECKER, J., agrees, concurring:

I agree with the analysis in the opinion as to the legal outcome. However, I write separately due to my belief that the plain language of the statute fails to follow the stated legislative intent that provides that economic development revenue bonds are to promote public safety, industry, and employment. The omission by the

---

[12]NRS 338.010(15)(a).

[13]*See* 97-22 Op. Att'y Gen. 165 (1997).

[14]An earlier proposed version of the statute required that prevailing wages be paid on all projects financed under the Revenue Bond Law. *See* A.B. 580, 66th Leg. (Nev. 1991) (as referred to Assembly Comm. on Labor and Mgmt., April 24, 1991).

Legislature as to requiring the prevailing wage hopefully was an oversight, but due to that oversight this legislation failed to promote employment. I hope the oversight gets corrected, but as my fellow Justices noted: it is "lawmaking that must be left to the Legislature."

MAUPIN, J., dissenting:

I would affirm the district court in this instance. In my view, the Carson-Tahoe Hospital project is subject to Nevada prevailing wage laws that govern public projects.

NRS 244A.763(5) states that certain provisions within the Nevada public works laws, NRS 338.010 through NRS 338.090, "apply to any contract for new construction . . . [of a 'project'] for which tentative approval for financing [under the Nevada County Economic Development Revenue Bond Law] is granted on or after January 1, 1992." The new Carson-Tahoe Hospital is such a project.[1]

The quoted language from NRS 244A.763 does not mean that we must look to NRS Chapter 338 to determine if its provisions apply; rather, it means that the enumerated provisions of NRS Chapter 338 do apply. Thus, the prevailing wage requirements of NRS 338.020 apply to the contract for construction of the Carson-Tahoe Hospital. Accordingly, workers on this project must be paid "prevailing wage."