**131 Nev., Advance Opinion 85**

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERNEST A. BECKER, IV,
INDIVIDUALLY; ERNEST A. BECKER,
IV, AND KATHLEEN BECKER, AS
TRUSTEES OF THE ERNEST A.
BECKER, IV, AND KATHLEEN C.
BECKER FAMILY TRUST; EB FAMILY
HOLDINGS, LLC; KIMBERLY RIGGS;
SALLIE BECKER; BRIAN BECKER;
AND WILLIAM A. LEONARD,
TRUSTEE,
Appellants,
vs.
ERNEST AUGUST BECKER, V,
Respondent.

No. 65335

FILED

OCT 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Certified question under NRAP 5 concerning the extent to which stocks in a closely held corporation are exempt property in bankruptcy proceedings under NRS 21.090(1)(bb) and NRS 78.746. United States Bankruptcy Court, District of Nevada; Bruce T. Beesley, Bankruptcy Court Judge.

*Question answered.*

Nitz Walton & Heaton, Ltd., and James H. Walton, Las Vegas,
for Appellants Ernest A. Becker, IV, individually; Ernest A. Becker, IV, and Kathleen Becker, as Trustees of the Ernest A. Becker, IV, and Kathleen C. Becker Family Trust; EB Family Holdings, LLC; Kimberly Riggs; Sallie Becker; and Brian Becker.

Schwartzer & McPherson Law Firm and Jason A. Imes and Lenard E. Schwartzer, Las Vegas, for Appellant William A. Leonard.

Mark Segal, Chartered, and Mark Bruce Segal, Las Vegas; The Law Office of Monica T. Centeno, a Professional Corporation, and Monica T. Centeno for Respondent.

---

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, GIBBONS, J.:

In response to a certified question submitted by the United States Bankruptcy Court for the District of Nevada, we consider whether NRS 21.090(1)(bb) allows a debtor to exempt his entire interest in a closely held corporation, or whether the exemption is limited to the debtor's noneconomic interest in the corporation. We conclude that under NRS 21.090(1)(bb), a debtor can exempt his stock in the corporations described in NRS 78.746(2), but his economic interest in that stock can still be subject to the charging order remedy in NRS 78.746(1).

### *FACTUAL AND PROCEDURAL BACKGROUND*

Appellant Ernest A. Becker (debtor) filed a voluntary Chapter 7 bankruptcy petition. On his personal property schedule, debtor listed "Ensworth Corporate Stock" with a value of $1,362,000, and "Eagle Rock Gaming, Inc.," stock with a value of $219,000. On his claimed exemption schedule, debtor asserted that, pursuant to NRS 21.090(1)(bb), his entire interest in both corporations' stock was exempt from the bankruptcy estate.

Several creditors, interested parties, and the bankruptcy trustee (collectively, the objecting parties) filed objections. The objecting parties argued that under NRS 21.090(1)(bb), debtor can only exempt his

SUPREME COURT
OF
NEVADA

(O) 1947A

2

noneconomic interest in the corporate stock and that debtor's economic interests, including all distributions and dividends, are part of the bankruptcy estate. The bankruptcy court held a hearing on the matter and decided to certify a question to this court.

In its certified question, the bankruptcy court asks whether NRS 21.090(1)(bb) allows a debtor to exempt his entire interest in a closely held corporation[1] or whether the exemption is limited to the debtor's noneconomic interest in the corporation.

## DISCUSSION

"Under NRAP 5(a), this court may answer questions of law certified to it by federal courts when the 'answers may "be determinative" of part of the federal case, there is no controlling [Nevada] precedent, and the answer will help settle important questions of law.'" *Savage v. Pierson*, 123 Nev. 86, 89, 157 P.3d 697, 699 (2007) (quoting *Volvo Cars of N. Am. v. Ricci*, 122 Nev. 746, 751, 137 P.3d 1161, 1164 (2006)). In the present case, (1) answering the question presented by the bankruptcy court will determine part of an ongoing bankruptcy case, (2) it appears

---

[1]Although the bankruptcy court described the corporations as "closely held" corporations, it did not specify how many persons are stockholders of record of the corporations, whether the corporations are publicly traded, or whether the corporations were incorporated under NRS Chapter 78 (private corporations) or 78A (close corporations) or another NRS chapter. The parties have not addressed these questions or raised them as issues and thus, for purposes of this opinion, we assume that the corporations are not publicly traded and interpret "closely held" to mean that the corporations have less than 100 shareholders. *See* NRS 78.746(2)(c)(1)-(2). Because NRS 78.746 is applicable to close corporations under NRS 78A.010, we also assume that the corporations are incorporated under either NRS Chapter 78 or 78A.

that there is no Nevada precedent on the question presented in this case, and (3) the answer will settle an important question of law regarding the scope of NRS 21.090(1)(bb). Accordingly, we will address the question presented to this court.

*Standard of review*

This case raises issues of statutory interpretation that this court reviews de novo. *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 226-27, 209 P.3d 766, 768 (2009). "This court has established that when it is presented with an issue of statutory interpretation, it should give effect to the statute's plain meaning." *Id.* at 228, 209 P.3d at 769. "Thus, when the language of a statute is plain and unambiguous, such that it is capable of only one meaning, this court should not construe that statute otherwise." *Id.* at 228-29, 209 P.3d at 769.

*NRS 21.090(1)(bb) does not provide for a complete exemption of corporate stock*

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate . . . subject to the debtor's right to reclaim certain property as 'exempt.'" *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). Under 11 U.S.C. § 522(b), debtors may choose the exemptions afforded by state law. Thus, bankruptcy debtors in Nevada may claim the exemptions listed in NRS Chapter 21.

In the present case, debtor seeks to exempt his stock in two closely held corporations pursuant to NRS 21.090(1)(bb). Debtor argues that NRS 21.090(1)(bb) allows him to exempt both his economic and noneconomic interests in the closely held corporations. In contrast, the objecting parties argue that NRS 21.090(1)(bb) only allows debtor to exempt his noneconomic interests in the closely held corporations.

NRS 21.090(1)(bb) states:

> 1. The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:
>
> . . .
>
> (bb) Stock of a corporation described in *subsection 2 of NRS 78.746 except as set forth in that section.*

(Emphasis added.) Thus, understanding what NRS 21.090(1)(bb) exempts requires examining NRS 78.746.

*Background and effect of NRS 78.746*

NRS 78.746 allows creditors to obtain charging orders against a debtor's interest in small, nonpublic corporations. NRS 78.746(1). NRS 78.746 states:

> 1. On application to a court of competent jurisdiction by any judgment creditor of a stockholder, the court may charge the stockholder's stock with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, *the judgment creditor has only the rights of an assignee of the stockholder's stock.*
>
> 2. Subject to the provisions of NRS 78.747, *this section*:
>
> (a) Provides the exclusive remedy by which a judgment creditor of a stockholder or an assignee of a stockholder may satisfy a judgment out of the stock of the judgment debtor. No other remedy, including, without limitation, foreclosure on the stockholder's stock or a court order for directions, accounts and inquiries that the debtor or stockholder might have made, is available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the corporation, and no other remedy may be ordered by a court.

(b) Does not deprive any stockholder of the benefit of any exemption applicable to the stockholder's stock.

(c) *Applies only to a corporation that*:

(1) Has fewer than 100 stockholders of record at any time.

(2) Is not a publicly traded corporation or a subsidiary of a publicly traded corporation, either in whole or in part.

(3) Is not a professional corporation as defined in NRS 89.020.

(d) Does not apply to any liability of a stockholder that exists as the result of an action filed before July 1, 2007.

(e) Does not supersede any written agreement between a stockholder and a creditor if the written agreement does not conflict with the corporation's articles of incorporation, by laws or any shareholder agreement to which the stockholder is a party.

3. As used in this section, *"rights of an assignee" means* the rights to receive the share of the distributions or dividends paid by the corporation to which the judgment debtor would otherwise be entitled. The term does not include the rights to participate in the management of the business or affairs of the corporation or to become a director of the corporation.

(Emphases added.)

A charging order is "[a] statutory procedure whereby an individual [shareholder's] creditor can satisfy its claim from the [shareholder's] interest in the [corporation]. *Black's Law Dictionary* 283 (10th ed. 2014). NRS 78.746 limits the creditor's attachment, however, to the debtor's *economic* interest in the corporations. NRS 78.746(1), (3). In other words, a creditor can get a charging order to attach a debtor's

Supreme Court
OF
Nevada

(O) 1947A

6

stream of income from the corporation, such as distributions and dividends, but the creditor cannot foreclose on the shares or take over management of the corporation. *Id.* NRS 78.746 prohibits creditors from attaching debtors' *noneconomic* interests in small corporations because "most . . . closely-held corporations are family-owned and they would . . . be disrupted" if creditors could take over management. Hearing on S.B. 317 Before the Assembly Comm. on Judiciary, 74th Leg. (Nev., May 7, 2007). Accordingly, NRS 78.746 strikes a balance by allowing creditors to satisfy their judgments from the debtor's *economic* interest in the corporation, without disturbing the corporation's management. *See id.*

Thus, creditors can obtain a charging order to charge a debtor shareholder's interest in a corporation, but creditors only have the rights of an assignee, NRS 78.746(1), who only has a right to the shareholder's *economic* interest in the corporation. NRS 78.746(3). And, the charging order remedy in NRS 78.746(1) only applies to small, nonpublic corporations. NRS 78.746(2)(c); *see also* NRS 86.401; *Weddell v. H2O, Inc.*, 128 Nev., Adv. Op. 9, 271 P.3d 743 (2012) (limiting a charging order to a debtor's economic interest in a limited liability company); *but see* NRS 87.280; *Tupper v. Kroc*, 88 Nev. 146, 494 P.2d 1275 (1972) (permitting foreclosure of a charging order against a partnership interest).

*Stock that is exempt under NRS 21.090(1)(bb) can still be subject to a charging order pursuant to NRS 78.746(1)*

Although NRS 78.746 permits a creditor to charge a debtor's stock, debtor argues that NRS 21.090(1)(bb)'s language exempting "[s]tock of a corporation described in subsection 2 of NRS 78.746 *except as set forth in that section*" (emphasis added) means that he gets a complete exemption of his corporate stock—both his economic and noneconomic interests—as long as his corporations meet the criteria for closely held

corporations in NRS 78.746(2)(c). Debtor contends that the only reason NRS 78.746 is referenced in NRS 21.090(1)(bb) is to explain what type of stock is completely exempt—i.e., stock in closely held corporations.

In contrast, the objecting parties argue that NRS 21.090(1)(bb)'s language permits debtors to exempt stock in corporations—as described in NRS 78.746(2)—but only to the extent allowed by the rest of NRS 78.746. In other words, a debtor may exempt his *noneconomic* interest in small corporations, but creditors may still obtain a charging order against his *economic* interests pursuant to NRS 78.746(1).

We hold that NRS 21.090(1)(bb) does not provide for a complete exemption of stock in small corporations. We conclude that use of the word "section" in "except as set forth in that section" in NRS 21.090(1)(bb) shows that the exemption is limited by all of NRS 78.746, including NRS 78.746(1)'s charging order remedy. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 820 (7th Cir. 2006) ("[T]he phrase 'this section' [in a statute] unambiguously refers to [the] section . . . as a whole."). Thus, based on a plain reading of NRS 21.090(1)(bb), debtors can exempt stock in corporations that meet the criteria in NRS 78.746(2), but the stock can still be subject to a charging order pursuant to NRS 78.746(1). If a charging order is issued, the creditors charge the debtor's *economic* interest in the corporation, but the debtor retains his *noneconomic* interest in the corporation. NRS 78.746(3).

*NRS 78.746(2)(b) does not prohibit charging orders on shares of stock*

Debtor argues, however, that NRS 78.746(2)(b)'s provision that "this section[ d]oes not deprive any stockholder of the benefit of any exemption applicable to the stockholder's stock" means that his corporate stock exemption cannot be limited in any way, such as limiting it to his noneconomic interest in the stock. We disagree.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

We conclude that NRS 78.746(2)(b) simply clarifies that NRS 78.746(1)'s charging order remedy does not prohibit debtors from claiming other exemptions that apply to their economic interest in the corporation. For example, NRS 21.090(1)(z)—the so-called wildcard exemption—allows a debtor to exempt up to $1,000 in any personal property, including stock. Thus, NRS 78.746(2)(b) simply clarifies that even though a creditor can charge a debtor's economic interest in a corporation, the debtor can still apply the wildcard exemption to retain up to $1,000 in distributions from the corporation.[2] *See In re Foos*, 405 B.R. 604, 609 (Bankr. N.D. Ohio 2009) (concluding that a statute similar to NRS 78.746(2)(b) simply clarifies that although creditors can attach a debtor's economic interest in a partnership, the debtor can still claim other exemptions that apply to his economic interest).

Further, debtor's interpretation of NRS 21.090(1)(bb) and NRS 78.746(2)(b)—that they provide for a complete exemption of stock in small corporations—would render NRS 78.746(1) meaningless. *See Carson-Tahoe Hosp. v. Bldg. & Constr. Trades Council of N. Nev.*, 122 Nev. 218, 220, 128 P.3d 1065, 1067 (2006) (stating that "[n]o part of a statute should be rendered meaningless"). NRS 78.746(1) allows for charging orders so that judgment creditors can attach shareholders' economic interest in small corporations. If NRS 21.090(1)(bb) and NRS 78.746(2)(b) then allowed for a complete exemption of stock, judgment creditors could never

---

[2]There are several other exemptions that could possibly apply to a debtor's economic interest in a closely held corporation, for example, if the debtor received the stock as payment for criminal restitution, NRS 21.090(1)(x), or as compensation for a personal injury, NRS 21.090(1)(u).

get the charging order remedy in NRS 78.746(1). Such an interpretation is impermissible.

*CONCLUSION*

We conclude that based on a plain reading, NRS 21.090(1)(bb)'s language exempting "[s]tock of a corporation described in subsection 2 of NRS 78.746 *except as set forth in that section*" (emphasis added) means that a debtor can exempt stock in the corporations described in NRS 78.746(2), but his economic interest in that stock can still be subject to the charging order remedy in NRS 78.746(1).[3]

_____, J.
Gibbons

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Pickering

---

[3]We have considered the parties' remaining arguments and conclude that they are without merit.