**136 Nev., Advance Opinion 3**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| REPUBLICAN ATTORNEYS GENERAL ASSOCIATION, Appellant, vs. LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Respondent. | No. 77511 |

**FILED**

FEB 20 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for a writ of mandamus seeking the disclosure of bodycam footage and related records under the Nevada Public Records Act. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

*Affirmed in part, reversed in part, and remanded.*

Fox Rothschild LLP and Colleen E. McCarty and Deanna L. Forbush, Las Vegas,
for Appellant.

Marquis Aurbach Coffing and Jacqueline V. Nichols and Nicholas D. Crosby, Las Vegas,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Although the Nevada Public Records Act (NPRA) generally requires the disclosure of public records, it explicitly yields to the statute



20-00932

barring the release of confidential juvenile justice information. In this appeal, we consider whether the district court erred in denying appellant Republican Attorneys General Association's (RAGA) petition for a writ of mandamus under the NPRA seeking bodycam footage and other related records regarding juveniles and then-State Senator Aaron Ford's interaction with the police due to the confidentiality of juvenile justice records. Because respondent Las Vegas Metropolitan Police Department (LVMPD) did not waive its assertion of confidentiality and the district court did not err in finding that all portions of the bodycam footage contain juvenile justice information, we affirm the district court order as to the bodycam footage. However, because the district court did not sufficiently assess whether the other requested records contain any nonconfidential material, we reverse the district court order as to the other records and remand for further proceedings consistent with this opinion.

## BACKGROUND

LVMPD officers responded to an incident at a property in Las Vegas and arrested numerous juvenile suspects. As a parent of one of the suspects, Ford subsequently arrived at the scene along with other parents.

RAGA requested records from LVMPD related to the incident involving LVMPD officers, the juveniles, and Ford in accordance with the NPRA. LVMPD responded that it was unable to process RAGA's request without additional information. RAGA sent LVMPD a more specific second request for bodycam footage, the police report, witness and victim statements, computer-aided dispatch, and any other statements by officers relating to the incident concerning the juveniles and Ford. LVMPD replied that it was unable to provide any records under the NPRA because the requested records were part of an active criminal investigation. However,

LVMPD did not provide a specific legal authority justifying its denial, as mandated in NRS 239.0107(1)(d)(2).[1] RAGA then sent a third, identical request. In response, LVMPD refused to provide any records because the investigation involved juvenile suspects and arrestees, citing NRS 62H.025 and NRS 62H.030 to justify its assertion of confidentiality. RAGA then sent a fourth and final request that did not mention the juveniles, but rather asked only for records relating to or depicting Ford's interactions with LVMPD officers. LVMPD denied RAGA's request, citing the same authority as in its prior response. LVMPD did not respond to any of RAGA's requests within five business days, as mandated by NRS 239.0107(1).

RAGA petitioned for a writ of mandamus under the NPRA in district court. LVMPD responded that there were six hours of bodycam footage related to the incident, with two hours concerning Ford. LVMPD submitted the relevant bodycam footage concerning Ford to the district court, along with a privilege log. The district court conducted an in camera review of the submitted bodycam footage.

The district court subsequently denied RAGA's petition. It concluded that LVMPD's failure to timely respond to RAGA's requests did not result in it waiving its assertion of confidentiality. It also found that the bodycam footage, including the portions containing Ford, directly relates to the investigation of a juvenile-involved incident because the footage depicts the area where the incident occurred, the arrest of juveniles,

---

[1]In the 2019 Legislative Session, the Nevada Legislature amended the NPRA with the passage of S.B. 287. S.B. 287, 80th Leg. (Nev. 2019). Because S.B. 287's "amendatory provisions . . . apply to all actions filed on or after October 1, 2019" and this action was filed before October 1, 2019, we apply the version of the NPRA in effect at the time the instant action was initiated, not the 2019 amendments. 2019 Nev. Stat., ch. 612, § 11, at 4008.

and discussions regarding the charges. Moreover, it noted that all communications at the scene, including those involving Ford, directly relate to the juvenile incident and the juvenile justice process, and that the appearance of adults does not remove the records from the protection granted to juvenile justice information. The district court accordingly concluded that the bodycam footage is protected under NRS 62H.025, the statute governing juvenile justice information's confidentiality. Additionally, the district court concluded that records falling under NRS 62H.025 may only be released after a juvenile justice agency is provided with notice under NRS 62H.025(2)(r), but found that the record is devoid of RAGA providing such notice. The district court made no specific findings as to the other records that RAGA requested, but denied RAGA's petition in its entirety. This appeal followed.

## DISCUSSION

This court has not previously addressed the interplay between the confidentiality afforded to juvenile justice records and the fact that bodycam footage is generally considered a public record subject to disclosure under the NPRA. In addressing this, we must determine whether LVMPD waived its assertion of confidentiality under NRS 239.0107 or NRS 239.011 when it failed to timely respond to RAGA's requests. We also consider whether the district court erred in finding that all portions of the bodycam footage contain juvenile justice information under NRS 62H.025 and are therefore excluded from NPRA disclosure. *See* NRS 239.010(1). Finally, we assess whether the district court abused its discretion in denying RAGA's petition as to the other related records. We review a district court's order denying a petition for a writ of mandamus for an abuse of discretion. *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003).

Questions of statutory construction and interpretation, however, are questions of law reviewed de novo. *Id.*

*LVMPD did not waive its assertion of confidentiality*

RAGA argues that LVMPD waived its assertion of confidentiality when it failed to timely respond to RAGA's four NPRA requests. The district court found no legal basis for RAGA's argument. We agree with the district court.

The NPRA allows the public to access public records to foster democratic principles such as government transparency and accountability. NRS 239.001(1), 239.010; *Reno Newspapers, Inc. v. Gibbons*, 127 Nev. 873, 878, 266 P.3d 623, 626 (2011). "[T]he provisions of the NPRA place an unmistakable emphasis on disclosure." *Gibbons*, 127 Nev. at 882, 266 P.3d at 629.

The obligation to disclose, however, is not without limits. In NRS 239.010(1), the NPRA yields to more than 400 explicitly named statutes, many of which prohibit the disclosure of public records that contain confidential information, including NRS 62H.025 for confidential juvenile justice information. *See City of Sparks v. Reno Newspapers, Inc.*, 133 Nev. 398, 402, 399 P.3d 352, 356 (2017) (regarding the statutes listed in NRS 239.010(1) as specific exemptions to the NPRA). When a governmental entity denies an NPRA request due to confidentiality, it must provide notice of its denial and a citation to relevant authority within five business days. NRS 239.0107(1)(d). LVMPD did not respond to any of RAGA's requests within five business days.

RAGA argues that LVMPD waived its assertion of confidentiality by failing to timely respond to its requests. The NPRA articulates several remedies for noncompliance. After an unreasonable

delay or denial by a governmental entity, a requester may apply to the district court and seek an order granting access to the record. NRS 239.011(1). The requester may also recover costs and reasonable attorney fees upon prevailing. NRS 239.011(2). The statute does not mention waiver as a remedy.[2] *See* NRS 239.011.

Where a statute is clear and unambiguous, this court gives effect to the ordinary meaning of the text's plain language without turning to other rules of construction. *In re CityCenter Constr. & Lien Master Litig.*, 129 Nev. 669, 673-74, 310 P.3d 574, 578 (2013). "If a statute expressly provides a remedy, courts should be cautious in reading other remedies into the statute." *Builders Ass'n of N. Nev. v. City of Reno*, 105 Nev. 368, 370, 776 P.2d 1234, 1235 (1989); *see also State v. Yellow Jacket Silver Mining Co.*, 14 Nev. 220, 225 (1879) ("Where a statute gives a new right and prescribes a particular remedy, such remedy must be strictly pursued, and is exclusive of any other."), *abrogated on other grounds by Waste Mgmt. of Nev., Inc. v. W. Taylor St., LLC*, 135 Nev. 168, 443 P.3d 1115 (2019).

Waiver is not an enumerated remedy, and we decline to read it into the statute. *See, e.g., Gibbons*, 127 Nev. at 885-86, 266 P.3d at 631 (remanding to the district court after a governmental entity failed to comply with other requirements under NRS 239.0107(1)(d)). NRS 239.011 unambiguously provides a remedy for when a governmental entity fails to comply with response requirements in NRS 239.0107(1)(d): apply to the

---

[2]Effective October 1, 2019, NRS 239.011(4) provides that the remedies recognized in NRS 239.011 are in addition to any other remedies that may exist in law or in equity. 2019 Stat. Nev., ch. 612, §§ 7, 11, at 4008. Also effective October 1, 2019, NRS 239.340 imposes additional civil penalties on governmental entities that willfully fail to comply with NPRA response requirements. 2019 Stat. Nev., ch. 612, §§ 1, 11, at 4002, 4008.

district court and obtain costs and attorney fees upon prevailing. We do not question that the five-business-day-response requirement is mandatory. *See Leven v. Frey*, 123 Nev. 399, 407-08, 168 P.3d 712, 718 (2007) (reasoning that statutes creating time restrictions are generally construed as mandatory). Rather, while we understand that seeking relief from the district court may not be the remedy RAGA prefers, we determine that it is the specified remedy available to RAGA in this instance.

To the extent RAGA contends that waiver is an appropriate remedy otherwise existing in equity, we adamantly disagree. Waiving LVMPD's assertion of confidentiality would lead to an absurd penalty resulting in the public disclosure of Nevadans' private information solely because of LVMPD's failure to timely respond. *See City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 121, 251 P.3d 718, 722 (2011) ("[T]his court will not read statutory language in a manner that produces absurd or unreasonable results." (quoting *Carson-Tahoe Hosp. v. Bldg. & Constr. Trades Council of N. Nev.*, 122 Nev. 218, 220, 128 P.3d 1065, 1067 (2006))). We are sympathetic to RAGA's desire for LVMPD to comply with the five-business-day-response requirement, but we cannot imply a remedy that would punish innocent actors such as the juveniles here by potentially infringing on their confidentiality and exposing their private information. Additionally, refusing to allow an assertion of confidentiality due to LVMPD's noncompliance with the response requirement goes far beyond the NPRA's emphasis on disclosure. It undermines the NPRA's expressly listed exceptions for confidential information.

While our analysis could end here, we find it worthy to note that the legislative history also supports our determination. "Few principles of statutory construction are more compelling than the proposition that

Congress does not intend *sub silentio* to enact statutory language that it has earlier discarded in favor of other language." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 442-43 (1987) (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 392-93 (1980) (Stewart, J., dissenting)); *see also Russello v. United States*, 464 U.S. 16, 23-24 (1983) ("Where Congress includes limiting language in an earlier version of a bill but deletes it prior to enactment, it may be presumed that the limitation was not intended."); *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 732-33, 100 P.3d 179, 194 (2004). The Legislature added NRS 239.0107 to the NPRA during the 2007 legislative session. 2007 Nev. Stat., ch. 435, § 4, at 2061-62. Section 4(2) of the bill as introduced provided for an explicit waiver. S.B. 123, 74th Leg. (Nev., Feb. 20, 2007). However, the waiver provision was later stricken by Amendment No. 415. S.B 123, Amendment no. 415, § 4, 74th Leg. (Nev., Feb. 20, 2007); *see also* Hearing on S.B. 123 Before the Subcommittee of the Senate Comm. on Gov't Affairs, 74th Leg. (Nev., Apr. 9, 2007) (expressing concern that the Department of Corrections would not have time to address inmates' requests for confidential records). Accordingly, we hold that LVMPD did not waive its assertion of confidentiality by failing to timely respond to RAGA's requests.

*The district court did not err as to the bodycam footage*

RAGA argues that the district court erred in finding that the bodycam footage constitutes juvenile justice information and therefore denying its mandamus petition. RAGA contends that (1) bodycam footage is not subject to the confidentiality provisions listed in the NPRA, (2) information on juvenile arrests does not constitute juvenile justice information, (3) not all portions of the bodycam footage contain confidential juvenile justice information, and (4) any confidential portions of the

bodycam footage could have been redacted. We affirm the district court's denial of RAGA's mandamus petition as to the bodycam footage.

1.

RAGA asserts that bodycam footage is not subject to the confidentiality provisions listed in NRS 239.010(1) because the bodycam footage statute, NRS 239.830, trumps such provisions. The district court found that bodycam footage is subject to a confidentiality provision, NRS 62H.025, which protects juvenile justice information from disclosure. RAGA points to NRS 289.830(2), which states:

> Any record made by a portable event recording device[3] pursuant to this section is a *public record* which may be:
>
> (a) Requested only on a per incident basis; and
>
> (b) Available for inspection only at the location where the record is held if the record contains confidential information that may not otherwise be redacted.

(Emphasis added.) RAGA posits that NRS 289.830(2)(b) allows for all bodycam footage, even confidential portions, to be available for inspection. We disagree.

We take this opportunity to clarify that, as a public record, bodycam footage is subject to the NPRA. NRS 239.010(1), 289.830(2). The NPRA, however, expressly yields to confidentiality provisions. *See* NRS 239.010(1) (listing statutes exempted from the NPRA and providing that records "otherwise declared by law to be confidential" are not subject to the NPRA). We note that the NPRA also yields to NRS 289.830 such that bodycam footage, while a public record that is ordinarily subject to

---

[3]Bodycam footage is made by a portable event recording device.

disclosure, may only be disclosed under the parameters of NRS 289.830(2). *See id.* NRS 289.830(2) limits how and when bodycam footage may be disclosed. Specifically, it allows the public only to *inspect* bodycam footage containing confidential information that may not otherwise be redacted, *at the location* where the record is held. In addition to these restrictions, bodycam footage, as a public record, is also subject to the other numerous provisions listed in NRS 239.010(1) that guarantee confidentiality, such as the provision protecting juvenile justice information, NRS 62H.025.

To the extent that NRS 289.830(2)(b) conflicts with the confidentiality provisions listed in the NPRA, such as NRS 62H.025, the more specific confidentiality provisions control. *See Piroozi v. Eighth Judicial Dist. Court*, 131 Nev. 1004, 1009, 363 P.3d 1168, 1172 (2015) ("Where a general and a special statute, each relating to the same subject, are in conflict and they cannot be read together, the special statute controls." (quoting *Laird v. State Pub. Emps. Ret. Bd.*, 98 Nev. 42, 45, 639 P.2d 1171, 1173 (1982))). To hold otherwise would undermine over 400 confidentiality provisions and unreasonably allow the public to access otherwise confidential records solely because such records are contained within bodycam footage. Without the Legislature's express direction otherwise, we are unwilling to subject Nevadans to possibly having their statutorily protected information disclosed because it was captured on a police officer's bodycam. Bodycam footage, like all other public records, is subject to the confidentiality provisions listed in the NPRA.

2.

RAGA argues that the statute governing juvenile justice information, NRS 62H.025, does not apply when a juvenile is arrested but not brought before a juvenile court. We disagree.

The NPRA expressly yields to NRS 62H.025, which mandates that "[j]uvenile justice information is confidential and may only be released in accordance with the provisions of this section or as expressly authorized by other federal or state law." NRS 62H.025(1). "'Juvenile justice information' means any information which is directly related to a child in need of supervision, a delinquent child or any other child who is otherwise subject to the jurisdiction of the juvenile court." NRS 62H.025(6)(b).

We hold that NRS 62H.025 unambiguously does not require juveniles to be brought before the juvenile court for information to be considered "juvenile justice information." *See In re CityCenter*, 129 Nev. at 673-74, 310 P.3d at 578 (providing that, when a statute is unambiguous, the court will apply its plain meaning). Indeed, NRS 62B.330(1) explicitly provides that "the juvenile court has exclusive original jurisdiction over a child . . . who is *alleged* . . . to have committed a delinquent act." (Emphasis added.) The district court found that the bodycam footage, including the portions containing Ford, contains juvenile justice information in part because the footage directly relates to a juvenile-involved incident and the arrest of juveniles. When juveniles are handcuffed and under the physical supervision of the police, as here, they are under the direct authority of law enforcement. Even if never brought before a juvenile court, at the time of arrest there is an allegation that the juveniles committed a delinquent act and they are presumed by the officers to be in need of supervision. *Cf.* NRS 62C.010(1). Any information directly related to the arrest of juveniles therefore constitutes juvenile justice information.

3.

RAGA next argues that the district court erred in finding that all portions of the bodycam footage contain confidential juvenile justice

SUPREME COURT
OF
NEVADA

(O) 1947A

information. Findings of fact are given deference and will not be set aside unless they are clearly erroneous or not supported by substantial evidence. *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). "[T]he governmental entity has the burden of proving by a preponderance of the evidence that the public book or record, or part thereof, is confidential." NRS 239.0113. LVMPD provided the district court with the relevant portions of the bodycam footage and a privilege log so that the district court could conduct an in camera review, and the district court subsequently found that all portions of the bodycam footage contain confidential juvenile justice information.

After reviewing the bodycam footage, we hold that substantial evidence supports the district court's finding that all portions of the footage contain juvenile justice information. The district court correctly found that the bodycam footage, including the portions with Ford, directly relates to the investigation of an incident involving a juvenile alleged to have committed a delinquent act, rightfully explaining that the footage depicts the area where the incident occurred, the arrest of juveniles, and discussions regarding the charges and juvenile justice process. Moreover, the district court properly noted that all communications at the scene, including those involving Ford, directly relate to the juveniles and the juvenile justice process. We therefore conclude that the district court did not err.

4.

RAGA posits that LVMPD could have redacted the bodycam footage to remove any confidential juvenile justice information. NRS 239.010(3) (2017) provides that a governmental entity shall not deny a request for public records "on the basis that the requested public book or

SUPREME COURT
OF
NEVADA

(O) 1947A

record contains information that is confidential if the governmental entity can redact, delete, conceal, or separate the confidential information from the information included in the public book or record that is not otherwise confidential." This court has recognized, however, that a governmental entity has no duty "to create new documents or customized reports by searching for and compiling information from individuals' files or other records." *Pub. Emps. Ret. Sys. of Nev. v. Reno Newspapers, Inc.*, 129 Nev. 833, 840, 313 P.3d 221, 225 (2013).

We determine that redaction is not possible because all portions of the bodycam footage contain confidential juvenile justice information, even those portions depicting Ford. We are aware that RAGA has not seen the bodycam footage, and we understand that the circumstances of this case require RAGA to trust this court's determination of confidentiality. Under a different set of facts, a governmental entity may be able to separate confidential periods of bodycam footage from substantial nonconfidential periods or blur the occasional juvenile's face to redact or otherwise edit out confidential material. But that is not the case here. Ford's depiction and any communications he makes are inextricably commingled with the confidential juvenile justice information. Had Ford communicated or acted in a manner beyond that which directly related to the juveniles, NRS 239.010(3) would have required disclosure of that portion of the bodycam footage. To require LVMPD to redact the confidential bodycam footage here, however, would leave RAGA with no footage left to view. In light of the foregoing, we hold that the district court did not abuse its discretion in denying RAGA's mandamus petition as to the bodycam footage.

*The district court abused its discretion as to the other related records*

There is a remaining question of whether the district court abused its discretion in denying RAGA's mandamus petition as to the related records, including the police report, witness and victim statements, computer-aided dispatch, and other statements by officers.[4] A district court abuses its discretion when it fails to conduct an "individualized exercise of discretion" in the context of analyzing issues in a writ petition or fails to consider such a petition "upon its own merits." *Willmes v. Reno Mun. Court*, 118 Nev. 831, 835, 59 P.3d 1197, 1200 (2002); *cf. Patterson v. State*, 129 Nev. 168, 176, 298 P.3d 433, 439 (2013). Because the district court did not view these records or make any specific findings as to whether these records contain confidential juvenile justice information, we conclude that it abused its discretion.[5] We therefore reverse the district court's order as to the

---

[4]LVMPD's argument that RAGA failed to preserve its NPRA request as to the other related records on appeal is misguided. While we do not consider points not urged in the district court, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), we conclude that RAGA sufficiently raised the issue of LVMPD's denial of all the records it requested in its district court petition, in part by attaching those requests as exhibits to its petition. RAGA's second request specifically asked for the police report, witness and victim statements, computer-aided dispatch, and other statements by officers. Furthermore, in its reply brief in support of its petition, RAGA explained that it asked for other related records in addition to bodycam footage and that its statutory construction arguments apply to both. Therefore, RAGA preserved the entirety of its NPRA request.

[5]We need not address LVMPD's argument that RAGA failed to provide notice to a juvenile justice agency as required under NRS 62H.025(2)(r) because the district court did not evaluate whether the records even contain any juvenile justice information.

related records and remand for the district court to properly determine whether the related records are subject to NPRA disclosure.

## CONCLUSION

Having concluded that LVMPD did not waive its assertion of confidentiality by failing to timely respond to RAGA's NPRA requests and that the district court did not err in finding that all portions of the bodycam footage contain juvenile justice information, we affirm the district court order denying RAGA's NPRA petition for a writ of mandamus as to the bodycam footage. However, we reverse as to the other related records and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A