**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DENNIS TOBLER; CINDI F. TOBLER,
*Plaintiffs-Appellants*,

v.

SABLES, LLC; BAYVIEW LOAN
SERVICING, LLC; THE BANK OF NEW
YORK MELLON,
*Defendants-Appellees.*

No. 19-15251

D.C. No.
2:18-cv-2220-
JCM-CWH

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 2, 2020[*]
Portland, Oregon

Filed August 4, 2020

Before: Marsha S. Berzon, Daniel P. Collins, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge Collins

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

**SUMMARY**[**]

**Nevada Law / Foreclosure Mediation**

The panel affirmed the district court's dismissal of a complaint alleging contractual and tortious breaches of the implied covenant of good faith and fair dealing in the mediation process.

The panel held that a request for judicial relief under Nevada's Foreclosure Mediation Rules is the exclusive remedy under Nevada law for challenging a lender's conduct in the foreclosure mediation process. The panel held further that all of plaintiffs' claims rested on defendants' asserted failure to comply with the various requirements of the foreclosure mediation program, and these claims could have been raised in a timely request for review under Nevada's Foreclosure Mediation Rules. Accordingly, plaintiffs' exclusive remedy under Nevada law for addressing these deficiencies was a timely request for judicial review filed within the applicable 10-day period set forth in Nevada F.M.R. 20(2). The panel concluded that the district court correctly held that the plaintiffs' state common-law claims and related requests for declaratory and injunctive relief failed to state a claim upon which relief could be granted.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Harold P. Gewerter, Harolder P. Gewerter Esq. Ltd., Las Vegas, Nevada, for Plaintiffs-Appellants.

Natalie L. Winslow and Jamie K. Combs, Akerman LLP, Las Vegas, Nevada, for Defendants-Appellees.

**OPINION**

COLLINS, Circuit Judge:

Dennis and Cindi Tobler appeal from the district court's dismissal of their complaint alleging contractual and tortious breaches of the implied covenant of good faith and fair dealing against Bank of New York Mellon ("BNYM") and its agents, Sables, LLC and Bayview Loan Servicing, LLC (collectively, "Defendants"). We review de novo the district court's dismissal of the complaint for failure to state a claim, *see Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001), and finding no error, we affirm.

**I**

In October 2011, BNYM acquired all beneficial interest in the deed of trust that secured the mortgage on the Toblers' Las Vegas residence. After the Toblers fell behind on their mortgage payments, they sought to avoid foreclosure by invoking Nevada's foreclosure mediation program. As we explain in further detail below, that program allows a delinquent Nevada mortgagor to seek a loan modification by requesting mediation with the lender in accordance with the applicable Nevada statute and the "Foreclosure Mediation Rules" promulgated under it. *See infra* at 6–7. Since 2017, the manner in which a homeowner triggers the mediation

program is by the filing of a mediation "petition" in the state court. *See* Nev. Rev. Stat. § 107.086(3). The lender may not proceed with foreclosure while that petition remains pending. *Id.*

Under the auspices of this mediation program, the Toblers attempted on three occasions between September 2014 and July 2018 to mediate with BNYM's agents over the loan delinquency, but these efforts were unsuccessful.[1] On July 24, 2018, after the third mediation had failed, the mediator filed a report with the state court recommending that the Toblers' mediation petition be dismissed. Under the applicable rules, the Toblers then had 10 days in which to request relief to avoid dismissal, but they did not do so. Noting that "[n]o timely objections ha[d] been filed" to the mediator's report, the state court dismissed the Toblers' mediation petition on August 22, 2018. The Toblers did not appeal that dismissal.

Having completed the mediation process, on October 18, 2018, Sables, LLC served the Toblers with a Notice of Trustee's Sale. In response, the Toblers on November 1, 2018 belatedly filed in state court a petition for judicial review of the July 2018 mediation. However, because that petition had not been filed within the 10-day period, it was stricken as untimely.

On the same day that they filed their belated petition for judicial review, the Toblers also filed this civil action against Defendants in Nevada state court. The Toblers' complaint asserted that Defendants had acted in bad faith in the

---

[1] At the time of the third and final mediation in 2018, Bayview Loan Servicing, LLC was acting as the loan servicer on behalf of BNYM, and Sables, LLC was the appointed Trustee on the deed of trust.

mediation process, thereby breaching their contractual and tort-based duties arising from the implied covenant of good faith and fair dealing. The Toblers sought compensatory and punitive damages, as well as declaratory and injunctive relief. Defendants removed the case to the district court based on diversity jurisdiction under 28 U.S.C. § 1332. Defendants thereafter moved to dismiss the complaint for failure to state a claim, and the district court granted that motion. This appeal followed.

## II

The question before the district court was whether a request for judicial relief under Nevada's Foreclosure Mediation Rules is the exclusive remedy under Nevada law for challenging a lender's conduct in the foreclosure mediation process. It appears that this recurring issue[2] has yet to be addressed by the Nevada Supreme Court in a precedential decision, and we are thus tasked with deciding that "issue[] of state law as we believe the state's highest court would decide [it]." *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997). We agree with the district court that, under Nevada law, the Toblers' exclusive remedy for seeking to challenge Defendants'

---

[2] *See*, *e.g.*, *Martin v. Bank of N.Y. Mellon*, 2018 WL 387398, at *4 (D. Nev. Jan. 11, 2018) (timely petition for judicial review is exclusive remedy for challenging mediation); *Mesi v. Nevada Foreclosure Mediation Program*, 2014 WL 4929516, at *2 (D. Nev. Aug. 25, 2014) (similar); *Hine v. Bank of Am., N.A.*, 2012 WL 273385, at *4 (D. Nev. Jan. 30, 2012) (similar); *Lalwani v. Wells Fargo Bank, N.A.*, 2011 WL 4574338, at *4 (D. Nev. Sept. 30, 2011) (plaintiff complaining of mediation deficiencies must first raise those claims in a petition for review); *but cf. Addington v. Bank of Am., N.A.*, 2013 WL 4040735, at *3 (D. Nev. Aug. 6, 2013) (petition for judicial review is not the exclusive remedy, at least for claims of breach of a settlement contract allegedly agreed to at the mediation).

mediation-related conduct was a timely request for judicial review. As a result, the Toblers' various causes of action based on Nevada common-law duties failed to state a claim upon which relief could be granted.

The relevant terms of the Nevada foreclosure mediation program are set forth in § 107.086 of the Nevada Revised Statutes and in the "Foreclosure Mediation Rules" issued by the Nevada Supreme Court under § 107.086(12).**[3]** Subject to certain exceptions, the program allows any Nevada homeowner facing nonjudicial foreclosure to petition the state court for mediation before a designated mediator. *See* Nev. Rev. Stat. § 107.086(3). Both sides must participate in the mediation in good faith, and each must provide specified documents to the other. *See id.* § 107.086(5)–(6); Nev. Foreclosure Mediation Rule ("F.M.R.") 13. While the mediation is ongoing, "no further action may be taken to exercise the power of sale." Nev. Rev. Stat. § 107.086(3).

If the mediation results in an agreement, the mediator notifies the state court, which then enters an order reflecting the agreed-upon loan modification. *See* Nev. Rev. Stat. § 107.086(9). If the mediation fails, then the mediator must make an initial determination whether the parties complied with their obligations under the program. *Id.* § 107.086(6), (8). If the mediator determines that the lender failed to participate in good faith or did not provide the required documents, then the mediator must submit a recommendation to the state court proposing sanctions against the lender, which may include requiring a specified loan modification. *Id.* § 107.086(6). But if the mediator determines that the parties acted in good faith, the mediator

---

**[3]** We rely on the versions of the statute and rules that governed the final and dispositive 2018 mediation.

must then submit a recommendation that the mediation petition "be dismissed," and the state court may thereafter issue an order dismissing the petition. *Id*. § 107.086(8). Although the statute plainly contemplates that the parties will be afforded an opportunity to respond to the mediator's recommendation before the state court issues its order, the statute leaves the details of that procedure to the rules promulgated by the Nevada Supreme Court. Those rules provide that, "[f]ollowing submission of the mediator's statement, within 10 days, either party may submit a request for appropriate relief" to the state court. Nev. F.M.R. 20(2). The state court must then issue an appropriate order either granting an agreed-upon loan modification, dismissing the petition, or sanctioning the lender. *Id*. 20(3). If the mediation petition is dismissed, a certificate is subsequently issued that (if there is no other legal obstacle) allows the lender to proceed with the foreclosure. Nev. Rev. Stat. § 107.086(8).

Because "[t]he goal of foreclosure mediation is to produce an agreed-upon loan modification," the applicable judicial review provisions establish an "expedited" proceeding to promptly address any failure to participate in the mediation in good faith or to otherwise abide by the mediation rules. *Holt v. Regional Trustee Servs. Corp.*, 266 P.3d 602, 606–07 (Nev. 2011) (en banc). Specifically, the ability to request judicial relief in response to the mediator's report "affords a way to challenge compliance with the statutory attendance, production, and good faith requirements" of the mediation program. *Id*. at 606. Given that the success of the mediation program requires prompt enforcement of its requirements, the Nevada Supreme Court has stated that an immediate request "for judicial review is the *exclusive* remedy for a homeowner seeking to enforce an agreement reached in the mediation program," *Surgeoner-*

*Jernigan v. CitiMortgage, Inc.*, 2012 WL 5857293, at *1 (Nev. Nov. 16, 2012) (unpublished "order of affirmance") (emphasis added), and that the Foreclosure Mediation Rules "'necessitate strict compliance'" with the applicable deadline for seeking such judicial review, *Nationstar Mortg., LLC v. Rodriguez*, 375 P.3d 1027, 1028 (Nev. 2016) (en banc) (quoting *Leyva v. National Default Servicing Corp.*, 255 P.3d 1275, 1279 (Nev. 2011) (en banc)). The Nevada Supreme Court has further underscored the exclusive nature of that judicial-review remedy by holding that objections to the mediation process must be resolved through that process of judicial review and not "by bringing a second proceeding before a different district court judge." *Holt*, 266 P.3d at 608.

Against this backdrop, we have little difficulty concluding that Nevada law does not permit parties to evade the mediation program's exclusive judicial review mechanism by repackaging their complaints about the adequacy of the mediation process as state common-law claims. Where, as here, the Nevada Legislature has created a carefully reticulated statutory scheme that contemplates an exclusive judicial-review mechanism, Nevada law generally disfavors judicial recognition of additional remedies for alleged violations of the statutory requirements. *Republican Attorneys Gen. Ass'n v. Las Vegas Metro. Police Dep't*, 458 P.3d 328, 332 (Nev. 2020) ("'Where a statute gives a new right and prescribes a particular remedy, such remedy must be strictly pursued, and is exclusive of any other.'" (citation omitted)); *accord Richardson Constr., Inc. v. Clark County Sch. Dist.*, 156 P.3d 21, 23 (Nev. 2007) ("[W]hen a statute provides an express remedy, courts should be cautious about reading additional remedies into the statute.").

Here, all of the Toblers' claims rest on Defendants' asserted failure to comply with the various requirements of the foreclosure mediation program, and these claims could have been raised in a timely request for review under the Foreclosure Mediation Rules.  Accordingly, the Toblers' exclusive remedy under Nevada law for addressing these deficiencies was a timely request for judicial review filed within the applicable 10-day period set forth in Nevada F.M.R. 20(2).[4]  As a result, the district court correctly held that the Toblers' state common-law claims and related requests for declaratory and injunctive relief failed to state a claim upon which relief could be granted.  *See* Fed. R. Civ. P. 12(b)(6).   We therefore affirm the district court's dismissal of the Toblers' action.

**AFFIRMED**.

---

[4] Because the Toblers do not contend that Defendants engaged in fraud during the mediation process, we have no occasion to address whether Nevada law would permit a separate action asserting a common-law claim for fraud in that distinct context.  *Cf. Nationstar Mortg.*, 375 P.3d at 1029 n.2 (suggesting in dicta that such an action might be appropriate).  Here, the Toblers' claims rest on precisely the sorts of issues that the mediation program requires a party to raise during the mediation process itself.